IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL P. O'KEEFE,

                  Plaintiff,

      v.

CAPITAL ONE AND AMAZON,

                  Defendants.

OPINION and ORDER

21-cv-182-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Michael P. O'Keefe has filed a lawsuit against Capital One and Amazon. He has paid the $402 filing fee. Generally, the next step would be for the court to issue summonses so that plaintiff could serve his complaint on defendants. However, after reviewing plaintiff's complaint, I conclude that summonses should not be issued at this time because plaintiff's allegations are not sufficient to establish this court's subject matter jurisdiction or to state any claim for relief against either of the defendants. I will give plaintiff an opportunity to file an amended complaint that clarifies his claims.

OPINION

Federal district courts have an obligation to screen all complaints to determine whether there is a basis for exercising jurisdiction. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). This duty extends to screening a complaint to determine whether it is frivolous because "[a] suit that is utterly frivolous does not engage the jurisdiction of the

federal courts. . . . Congress would not have wanted the federal courts to waste their time with such a case, and the courts therefore have an independent duty to refuse to entertain it." <u>Carr v. Tillery</u>, 591 F.3d 909, 917 (7th Cir. 2010).  A suit is frivolous if "it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff." <u>Carter v. Homeward Residential, Inc.</u>, 794 F.3d 806, 807 (7th Cir. 2015).

Additionally, federal courts can review complaints to determine whether they comply with Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.  Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

Plaintiff's complaint does not meet the requirements of Rule 8 because it is not clear from his complaint what plaintiff believes defendants Capital One and Amazon did to violate his rights.  Moreover, from the limited allegations plaintiff includes in his complaint, it appears that his claims against defendants may be frivolous.  Plaintiff alleges only that Capital One and Amazon forced him to make payments that he did not owe.  Plaintiff then filed a small claims case, which he later dismissed.

These allegations are vague and confusing, and do not provide enough information

2

to meet the requirements of Rule 8. Therefore, I will dismiss the complaint without prejudice.  Plaintiff is free to file an amended complaint that includes the allegations that are missing.  If plaintiff chooses to file an amended complaint, he should keep it short and to the point, but should draft it as if he is telling a story to people who know nothing about his situation.  In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- How did Amazon and Capital One force plaintiff to make payments?

- How much money did plaintiff pay Capital One and Amazon?

- Why does plaintiff think the payments were unlawful?

- What type of communications did plaintiff have with Capital One and Amazon regarding the payments?  In particular, did Capital One and Amazon explain what the payments were for, and did plaintiff explain that he did not owe money to defendants?

- Why did plaintiff file a small claims case against Capital One and Amazon?

- Why did plaintiff dismiss the small claims case?

- Did plaintiff reach a settlement with Capital One or Amazon?

- Why does plaintiff think Capital One and Amazon violated his legal rights?

- What type of relief is plaintiff seeking in federal court?

Before this case can proceed further, plaintiff must file an amended complaint that complies with Rule 8, clarifies the factual basis of his claims and explains why defendants Capital One and Amazon should be held liable for any harm plaintiff has suffered.

3

ORDER

IT IS ORDERED that plaintiff Michael P. O'Keefe's complaint is DISMISSED without prejudice for its failure to establish subject matter jurisdiction and failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until May 14, 2021 to file an amended complaint that complies with Rule 8 and establishes subject matter jurisdiction.  If plaintiff does not file an amended complaint by May 14, 2021, the clerk of court is directed to close this case.

Entered this 23d day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4