IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL P. O'KEEFE,

                Plaintiff,

v.

CAPITAL ONE AND AMAZON,

                Defendants.

OPINION and ORDER

21-cv-182-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a previous order, I dismissed pro se plaintiff Michael P. O'Keefe's complaint against Capital One and Amazon because his allegations did not establish this court had subject matter jurisdiction and did not state any claim for relief against either defendant. I gave plaintiff an opportunity to file an amended complaint that clarifies his claims.

Plaintiff has now filed a proposed amended complaint. Dkt. #6. He alleges in his amended complaint that he purchased a bike from an Amazon merchant using his Capital One credit card. The bike was defective, so plaintiff sought a refund. Amazon issued a credit to plaintiff, and Capitol One issued a chargeback on plaintiff's account. A month later, Capitol One notified plaintiff that it had received information from the bike merchant that the bike was in good condition. Capitol One then reversed the chargeback on plaintiff's account. Plaintiff was forced to make payments on his credit card balance to avoid fees. Plaintiff sent more than 30 emails and made numerous phone calls to Amazon and Capitol One, but Amazon told plaintiff that it would process a refund only if the chargeback was

1

settled, and Capitol One told plaintiff he needed to contact the bike seller to resolve the problem. On January 9, 2021, Capitol One and Amazon notified plaintiff that the case was closed.

On February 2, 2021, plaintiff filed a claim against both defendants in a Wisconsin small claims court. Defendants denied wrongdoing, and plaintiff dismissed the small claims case. He then filed his case in federal court. A few days later, plaintiff was issued a credit to his account, and he was offered $500 from each company to drop the case.

Plaintiff appears to be attempting to sue defendants for breach of contract. However, he cannot proceed on his claims in federal court. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. Generally, this court may consider only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.

In this instance, plaintiff cannot proceed under § 1331 because his allegations do not implicate any constitutional amendment or other federal law. Rather, his allegations implicate contractual claims against his credit card company and Amazon, who facilitated the transaction between plaintiff and the bike merchant. Contractual claims are governed by state law, but plaintiff cannot proceed on his state law claims under § 1332, because even if he and defendants are citizens of different states, his allegations do not suggest that the amount in controversy exceeds $75,000. Plaintiff could recover compensatory damages on his breach of contract claims, which would include the damages that he incurred as a result

of defendants' alleged breach of contract.  Barnes v. Gorman, 536 U.S. 181, 187 (2002).  However, punitive damages or damages for pain and suffering are not recoverable in contract actions.  Id.; Hansen v. Texas Roadhouse, Inc., 2013 WI App 2, ¶ 29, 345 Wis. 2d 669, 692, 827 N.W.2d 99, 110.  Plaintiff does not allege that he incurred more than $75,000 in damages as a result of defendants' alleged breach of contract.  Therefore, this court does not have subject matter jurisdiction over his claims.

For these reasons, I will dismiss plaintiff's amended complaint.  If plaintiff wishes to sue defendants, he must do so in state court.

ORDER

IT IS ORDERED that plaintiff Michael P. O'Keefe's complaint is DISMISSED for lack of subject matter jurisdiction.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 13th day of July, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge